1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHNATHAN S. WILLIAMS,

11              Plaintiff,              No. CIV-S-04-1335 LKK KJM P

12        vs.

13   D.L. RUNNELS, et al.,

14              Defendants.            ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed April 26, 2007, plaintiff was granted leave to

18   file an amended complaint.[1]  In that order, plaintiff was instructed as follows as to the contents of

19   his amended complaint:

20              Plaintiff complaint is approximately 50 pages long.  Plaintiff
               identifies numerous claims and defendants.  The complaint states a
21             claim upon which relief can be granted against defendants Kurk,
               McIntyre and Wood for violations of the Eighth Amendment.
22             With respect to the remainder of the complaint, the complaint is so

23

24        [1]  The court is required to screen complaints brought by prisoners seeking relief against a
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
26

                                        1

vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff has not done this with respect to all of his claims except the Eighth Amendment claim described above.

The court will grant plaintiff thirty days within which to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Many of plaintiff's claims concern allegations of denials of due process. Plaintiff is informed that in order to state a cognizable claim for violation of due process during things such as prison disciplinary proceedings, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v.[ Conner], 515 U.S. 472, 484 (1995).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is informed his complaint is simply too long. In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth

2

Circuit Court of Appeal[s] upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1.  Allegation of jurisdiction.
>
> 2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff filed his amended complaint on August 10, 2007.  In drafting his amended complaint, plaintiff essentially ignored the court's April 27, 2007 order.  The amended complaint is 90 pages long and names approximately 70 defendants.  The complaint contains page after page of information not necessary in a complaint, facts that do not support any cognizable claim and citation to irrelevant legal authority.  Also, plaintiff now names several other plaintiffs without having sought leave to do so.  Plaintiff's amended complaint will be

1   dismissed and he will be granted leave to file a second amended complaint.  If upon review of

2   any second amended complaint the court discerns that plaintiff has not made a good faith effort

3   to comply with the terms of the court's April 27, 2007 order concerning the contents of his

4   complaint, the court anticipates recommending that this action be dismissed under Federal Rule

5   of Civil Procedure 41(b).

6            Accordingly, IT IS HEREBY ORDERED that:

7            1.  Plaintiff's amended complaint is dismissed; and

8            2.  Plaintiff is granted thirty days from the date of service of this order to file a

9   second amended complaint that complies with the requirements of this court's April 27, 2007

10  order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;

11  the second amended complaint must bear the docket number assigned this case and must be

12  labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the

13  second amended complaint; failure to file a second amended complaint in accordance with this

14  order will result in a recommendation that this action be dismissed.

15  DATED:  August 23, 2007.

16

17

18  _____

19  U.S. MAGISTRATE JUDGE

20

21  1

    will1335.scn

22

23

24

25

26

4